Oct. 1840.

Longfellow
v.
Longfellow.

---

## LONGFELLOW vs. LONGFELLOW.

When in a suit for divorce or separation, the defendant has entered an appearance, an application for alimony and expenses should be made upon petition after due notice to the opposite party.

If an *ex parte* order for alimony is granted, and a considerable time afterwards a final decree is made in the cause, and before notice given to set aside such order as irregular, a motion to set it aside after final decree will not be heard.

A final decree in a cause, disposes of the whole cause and of all previous interlocutory questions.

THIS was a bill filed for a qualified divorce.  On the 3d day of November, 1835  the complainant obtained an order that the defendant pay the complainant $50 towards carrying on this suit.   On the 23d November, 1836, the complainant on an *ex parte* application, obtained another order for the  payment of $150 for the like purposes.   The defendant paid $100 of this mony on the  same day and gave his note for the remaining $50.   On the 19th Dec. 1836, the defendant's solicitor became personally aware of this order, and informed the complainant's solicitor, that he should move to set it aside for irregularity.   It was

however understood that the question should be submitted to the Vice Chancellor to decide upon the regularity of the order. There was no application by either solicitor for such submission. And on the 13th March, 1837; the defendant's solicitor, gave notice of a motion to vacate the order for irregularity. This question was argued March 24, 1837, and the papers left with the Vice Chancellor, who resigned his office before the motion was decided, and the papers cannot now be found. Previous to the giving of the notice of this motion, however, this cause was argued upon pleadings and proofs, and early in March, 1837, a final decree was made dismissing the complainant's bill, but without costs to either party. The motion is now renewed to set aside the order of Nov. 23, 1836, for irregularity.

*John Dickson*, for complainant.

*S. Mathews*, for defendant.

THE VICE CHANCELLOR. The order of the 23d Nov. 1836, was granted upon the *ex parte* application of the complainant. This is the irregularity complained of, as the reason for setting it aside. Applications for alimony, and expenses of conducting a suit of this character are and should be made upon petition stating the facts upon which the application is grounded.

When the opposite party appears by solicitor, the application should be preceded by service of a copy of the petition with notice of the application.

This is the usual and proper mode. I am not prepared to say, but in an extreme case, an *ex parte* order for an allowance might be granted. However

44

this may be, it further appears in this case, which is the controling circumstance with me, that there was a final decree in the cause, disposing of the entire cause, before notice of this motion was given. The order sought to be vacated was an interlocutory one. It is deemed to have been irregular, it probably was. But I understand that a final decree in a cause disposes of the whole cause, and of all previous interlocutory questions. I have not the papers to inform me upon what ground the Vice Chancellor made his decree, particularly in relation to costs.

I am to suppose that he was aware of the existence of the two orders for the payment to the complainant, that he took them into account in determining the question of costs, and that as no provision was made for repayment, or for costs, he intended there should be no repayment. It seems to me it is hardly competent to rake up the ashes of this dead suit, to ascertain if there was not some irregularity in some of the interlocutory proceedings therein. I suppose that the final decree gave the *coup de grace* to the whole suit and all proceedings therein previous to such final decree. There can be no resusitation unless by calling the decree in question in some proper mode. This being my opinion it is hardly necessary to enquire whether the delay from the first submission of the papers, on a similar motion to a former Vice Chancellor, is sufficiently accounted for down to the present time, and the argument of the present motion.

The motion is denied with costs.